27 C.C.P.A. (Patents)
## In re PITTENGER et al.
### Patent Appeal No. 4209.
Court of Customs and Patent Appeals.
Dec. 26, 1939.
Rehearing Denied March 20, 1940.

A. A. Orlinger, of Philadelphia, Pa., for appellants.

Howard S. Miller, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

A Primary Examiner of the United States Patent Office rejected all the claims, numbered 1 to 5 inclusive, in appellants' application for a patent relating to medicinal capsules. Upon appeal to the Board of Appeals the decision of the examiner was affirmed. From the decision of the board, appellants appealed here.

The claims on appeal follow:

"1. Medicinal capsules having a preformed center hermetically sealed in a continuous tough, tenacious, adhering layer of soluble elastic material of practically uniform thickness throughout, said layer being made up of two parts with the edges integrally united together.

"2. Medicinal capsules having a preformed center hermetically sealed in a continuos tough, tenacious, adhering layer of soluble elastic material of practically uniform thickness throughout, said layer being made up of two parts with the edges integrally united together, and the material sealed within said layer being evacuated and substantially free from air.

"3. Medicinal capsules having a preformed solid center of medicinal material hermetically sealed in a continuous tough, tenacious layer of soluble, elastic gelatin of practically uniform thickness throughout, said layer of gelatin being made up of two parts with the edges integrally united together.

"4. Medicinal capsules having a preformed center of solid medicinal material coated with a thin layer of insulating material such as starch and being hermetically sealed in a continuous tough, tenacious, adhering layer of soluble, elastic material of practically uniform thickness throughout, said layer of material being made up of two parts with the edges integrally united together.

"5. Medicinal capsules having a preformed center of solid medicinal material with a thin layer of insulating material or inert material such as starch surrounding the same and hermetically sealed in a continuous tough, tenacious, adhering layer of soluble, elastic gelatin of practically uniform thickness throughout, said layer of gelatin being made up of two parts with the edges integrally united together."

The references relied upon are:

Lahr (Br.), 20,116, January 25, 1890.

Hance, 730,643, June 9, 1903.

Appellants in their brief describe the alleged invention in the following language: "The invention described generally in all of the appeal claims relates to a medicinal capsule having a *solid preformed* core or center (such as a pill or tablet of a medicament) hermetically sealed in a continuous, tough, tenacious cover of a soluble, elastic *sheet* material (e. g. *sheet* gelatin) *conformed to the* shape of and tightly enwrapping the core, which coating of *sheet* material is of *practically uniform thickness* throughout. The *preformed core* may be of any desired shape and advantageously substantially spherical. * * *"

In addition, appellants call attention to the following: "These capsules invented by applicants filled an age old want in the administration of medicine. It has long been known that very bitter, nauseating and otherwise disagreeable tasting medicinal tablets and pills and those which would burn or otherwise injure the mucous membrane of the mouth presented a serious difficulty in their administration. It has been a common practice for many years to coat such tablets and pills to mask the taste and prevent direct contact of the medicament with the mouth. Such coatings are applied by rotating the pills or tablets in coating pans, or dipping them in dipping pans, containing a sugar, starch or chocolate *solution,* or a *solution* of gelatin or of one or more of various gum resins, *evaporating* the *water* from the initially coated pill or tablet and *repeating the application* of the coating *solution* with *subsequent evaporation* of the *water* after each application until a coating of desired thickness was built up. * * *"

The appealed claims are all article claims. Claims directed to the method of making the capsules were divided out and were presented to the Patent Office in a separate application.

In affirming the decision of the examiner rejecting the claims, the board used the following language:

"* * * We are of the opinion that the rejection of the appealed claims on the prior art cited is fully warranted.

"In the Hance patent, liquid is also included with the preformed pill before the gelatin coating is applied. In the patent to Heist the gelatin coating is applied to the preformed pill in the form of sheets and the coating is applied about the pill and severed in much the same manner as disclosed in this case.

"The patent to Lahr shows that it is old to place a protective coating on the inside of the gelatin capsule to prevent disintegration thereof by the substance enclosed. In view of this art, we are of the opinion that the allowance of the appealed claims is not warranted.

"The decision of the examiner is, therefore, affirmed."

Upon reconsideration the board withdrew its reference in its original decision to a Heist patent which we need not here consider.

In its decision the board relied mainly on the patent to Hance which discloses medicinal capsules and a process of making them quite similar to that of appellants. In the Hance patent, sheets of gelatin are preformed. When the tablets and liquid are pressed between the two sheets of gelatin the sheets are severed by means of dies, leaving "two similar hemispheroidal sheets of gelatin united by an equatorial suture." He fills the round gelatin container with a liquid ingredient in which liquid is a tablet. The tablet is insoluble in the liquid. Hance, therefore, has enclosed in his gelatin capsule a liquid in which is placed the desired medicinal ingredient but it remains suspended in the liquid and does not dissolve.

Lahr was cited for the purpose of showing that it is old to place a protective coating on the inside of a gelatin capsule to prevent disintegration of the same by the substance

which is enclosed. He insulates his material with a substance such as starch so that the enclosed medicinal agent will not attack and destroy the capsule.

The Patent Office tribunals concurred in concluding that in view of the teachings of the two patents—Lahr and Hance—there was no invention in what appellants have done.

It may be pointed out that the appealed claims differ in the following respects:

Claim 1 calls for a "preformed center hermetically sealed."

Claim 2 contains the clause "and the material sealed within said layer being evacuated and substantially free from air."

Claim 3 calls for a "solid center of medicinal material."

Claim 4 contains the clause "with a thin layer of insulating material such as starch and being hermetically sealed."

Claim 5 specifies that the insulating material may consist of "inert material such as starch."

Most of the provisions of each of the claims cover subject matter which is old as shown by the prior art. We think it is clear that the features recited in the claims relate to non-inventive subject matter.

The decision of the Board of Appeals is affirmed.

Affirmed.